**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| CYNTHIA BROUSSEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-050 |
| | ) | |
| RTG FURNITURE CORP. OF GEORGIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The parties' Rule 26(f) Report includes a request that the Court enter a protective order.  Doc. 12 at 14.  Having fully considered the parties' Confidentiality/Protective Order and for good cause shown, the Court enters it, doc. 12-2, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

1

The parties' agreed-upon terms are as follows:

1. **Scope of Order**

   This Order governs the handling of documents, information, and materials produced in discovery that a party or non-party reasonably believes contain confidential, private, proprietary, trade secret, or otherwise sensitive information ("Confidential Information").

2. **Designation of Confidential Information**

   Any party or non-party producing information ("Producing Party") may designate materials as "CONFIDENTIAL" where such designation is made in good faith and based on a reasonable belief that the material contains non-public, sensitive, or private information, including but not limited to medical records, personal identifying information, trade secrets, or internal business materials such as policies, procedures, training materials, incident reports, or other non-public operational or corporate information.

3. **Use of Confidential Information**

   Confidential Information shall be used solely for purposes of

prosecuting, defending, or attempting to settle this litigation and for no other purpose.

4. **Disclosure of Confidential Information**

Confidential Information may be disclosed only to:

(a)  the Court and its personnel;

(b)  counsel of record and their employees;

(c)  the parties, including officers or employees of a party necessary to assist in this litigation;

(d)  insurers, adjusters, and claims representatives;

(e)  experts and consultants retained for purposes of this litigation;

(f)  mediators or other neutral third parties engaged to assist in resolution of this matter; and

(g)  court reporters and vendors retained to assist in this matter.

Any person receiving Confidential Information shall be advised of and bound by the terms of this Order.

5. **Filing Under Seal**

If a party seeks to file Confidential Information with the Court, it

must comply with the applicable Local Rules and procedures governing filings under seal. This Order does not authorize the automatic filing of documents under seal.

6. **Challenges to Designation**

Any party challenging a designation of Confidential Information shall do so within thirty (30) days of receipt of the material at issue, unless good cause is shown for a later challenge. The parties shall first attempt to resolve any such challenge in good faith without Court involvement. If no agreement is reached, the challenging party may seek relief from the Court, and any such dispute shall be presented to the assigned Magistrate Judge and governed by that Court's procedures for discovery disputes.

7. **No Waiver of Privilege**

Nothing in this Order shall be construed as a waiver of any privilege or protection, including the attorney-client privilege or work product doctrine.

8. **Return or Destruction**

Within thirty (30) days after the final resolution of this litigation, including any appeals, each party shall return or destroy

Confidential Information, except that counsel may retain copies as part of their litigation files.

9. **Modification**

This Order may be modified only by agreement of the parties and approval of the Court, or by further order of the Court.

10. **Survival**

The obligations imposed by this Order shall survive the termination of this litigation.

**SO ORDERED**, this 7th day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA